# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,

               Plaintiff,

v.

Robert Charles Thelen,

               Defendant.

**MEMORANDUM OPINION
AND ORDER**
Case No. 04-252 ADM/AJB

---

Steven L. Schleicher, Esq., Assistant United States Attorney, Minneapolis, MN, for and on behalf of Plaintiff.

Mark D. Larsen, Esq., Lindquist & Vennum P.L.L.P., Minneapolis, MN, for and on behalf of Defendant.

---

## I.  INTRODUCTION

On October 20, 2004, during his jury trial, Robert Charles Thelen ("Defendant") appeared before this Court with his then attorney of record and pled guilty to two counts of an eight-count indictment, thus ending the trial that was in progress.  Prior to sentencing, Defendant substituted attorneys [Docket No. 53], and filed a Motion to withdraw his guilty plea to the charge of carrying a firearm in relation to a drug trafficking crime, based on a claim of ineffective counsel [Docket No. 58].  For the reasons set forth below, Defendant's Motion is denied.

## II.  BACKGROUND

On October 20, 2004, Defendant appeared before this Court and pled guilty to the charges of distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c), and carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1) and (2).  See Minute Entry for Plea Agreement [Docket No. 43]; Plea Agreement and

Sentencing Stipulations ("Plea Agreement") [ Docket No. 46]; Plea Tr. [Docket No. 54].   The

guilty plea occurred during Defendant's jury trial on these, as well as six other, charges.

See Superceding Indictment [Docket No. 25]; Plea Agreement.   The United States had presented

the testimony of 13 witnesses and was prepared to conclude the trial when defense counsel

initiated plea discussions.

Instead of proceeding with the trial, Defendant pled guilty to two counts, in exchange for

the United States dismissing the remaining six counts against Defendant.  See Plea Tr.; Plea

Agreement.  In the process of pleading guilty, Defendant, under oath, swore to this Court that he

was guilty of the crimes of distribution of methamphetamine, and carrying a firearm in relation

to a drug trafficking crime.  Plea Tr. at 17, 32-34.

On May 18, 2005, prior to sentencing, Defendant sought a change of counsel.

Defendant's attorney of record, Jeffrey C. DeGree, was replaced with his current attorney, Mark

D. Larsen.  Subsequently, on June 23, 2005, Defendant filed a Motion to withdraw his guilty

plea to count 7, carrying a firearm in relation to a drug trafficking crime, due to the ineffective

counsel of his prior attorney, Jeffrey C. DeGree.  Defendant contends in his Motion that, while

he admittedly possessed a DC Intertec 9 semiautomatic assault firearm, it was not used to further

his drug trafficking activities.  Therefore Defendant argues he is not guilty of the crime of

carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)

and (2).

### III.  DISCUSSION

**A.     Defendant's Motion to Withdraw Guilty Plea to Count 7**

Under Rule 11(d) of the Federal Rules of Criminal Procedure, a defendant may withdraw

a plea of guilty "after the court accepts the plea, but before it imposes sentence if . . . the

defendant can show a fair and just reason for requesting the withdrawal."  Fed R. Crim. P.

11(d)(2).  It is undisputed that the Court formally accepted Defendant's guilty plea on October

20, 2004.  Plea Tr. at 35.

The Eighth Circuit has clearly stated that a defendant has no absolute right to withdraw a

guilty plea before sentencing, and it is within the trial court's discretion to allow or deny such a

motion.  United States v. Rawlins, 440 F.2d 1043, 1045-46 (8th Cir. 1971); United States v.

Moore, 822 F.2d 35, 37 (8th Cir. 1987).  Should a trial court choose to consider a motion to

withdraw a guilty plea, the motion should not be granted lightly.  United States v. Prior, 107 F.3d

654, 657 (8th Cir. 1997).

Several factors are to be considered when determining whether to allow a pre-sentence

motion to withdraw a guilty plea: (1) whether defendant established a fair and just reason to

withdraw his plea: (2) whether defendant asserts his legal innocence of the charge; (3) the length

of time between the guilty plea and the motion to withdraw; and (4) if the defendant established

a fair and just reason for withdrawal, whether the government would be prejudiced.  United

States v. Boone, 869 F.2d 1089, 1091 (8th Cir. 1989); United States v. Dixon, 784 F.2d 855,

856-57 (8th Cir. 1986); United States v. Bryant, 640 F.2d 170, 172 (8th Cir. 1981).

**B.**     **Application of Factors**

**1.**     **Fair and Just Reason to Withdraw Plea**

Defendant asserts in his Motion that his reason for pleading guilty to the firearm charge

was not because he was guilty, but because Defendant "was convinced that he could not receive

a fair trial, and he was placed in that position by counsel's apparent ineffective assistance."

3

Def.'s Mem. of Law in Supp. of Mot. to Withdraw Guilty Plea to Count 7 [Docket No. 59] at 12. However, Defendant does not contest the validity of his testimony while pleading guilty, nor does Defendant develop any new facts which would present a fair and just reason to grant a withdrawal of Defendant's guilty plea.

Defendant's Motion does not directly contest any of the facts upon which he pled guilty, but instead chooses to interpret the facts in a manner which is favorable to his desire to vacate his guilty plea. No factual record was developed by Defendant to support his assertion of ineffective assistance. While Defendant makes mention of displeasure with his attorney's questioning of witnesses, and makes a vague claim concerning an unnamed juror, Defendant neglects to assert a reason for withdrawing his guilty plea besides a generalized innocence claim, which will be addressed as the next factor, and frustration with the sentencing implications. Neither of Defendant's reasons justify withdrawal of Defendant's guilty plea. See United States v. Gamble, 327 F.3d 662, 665 (8th Cir. 2003).

### 2.        Assertion of Legal Innocence

Much of Defendant's argument is dedicated to the assertion that he is innocent of the charge of carrying a firearm in relation to a drug trafficking crime, thereby making a guilty plea inappropriate. In his Motion, Defendant contends that the facts of the case, Defendant's sworn testimony while entering his guilty plea, and the United States' failure to establish a firm factual basis, all indicate that Defendant is innocent of the firearm charge. Defendant attempts to display his innocence by asserting that his statements while pleading guilty are insufficient to sustain a guilty plea to the firearm charge.

In order for Defendant to be guilty of the firearm charge there must be a nexus between

4

Defendant's possession of the firearm and the drug offense.  United States v. Hamilton, 332 F.3d 1144, 1150 (8th Cir. 2003) (citing United States v. Ceballos-Torres, 218 F.3d 409, 414-15 (5th Cir. 2000)).  While Defendant's answers to the prosecutor's factual basis questions were terse, when Defendant's testimony is considered with the plea bargain, a legally sufficient nexus can be found between Defendant's admitted drug trafficking and his possession of the firearm. When read in its totality, Defendant's testimony establishes a sound guilty plea.  See United States v. English, 2005 WL 1884464 (8th Cir. 2005) (per curiam) (citing United States v. Marks, 38 F.3d 1009, 1012 (8th Cir. 1994) (factual basis for a guilty plea is established when a court determines that there is sufficient evidence at the time of the plea so that the court may reasonably determine that defendant likely committed the offense)).

While pleading guilty, Defendant, under oath, gave the following answers to the prosecutor's questions:

Q.    Okay.  You would agree that among other purposes that you may have had for possessing that weapon, that in part it would be for protection, correct?

A.    For protection, yes.

Q.    And that could be protection against customers, correct?

A.    No.  I had no fear of my customers.

Q.    Suppliers.

A.    Yes.  I had fear of my suppliers.

Q.    And perhaps to protect any of your assets: your home, your cash, or other narcotics you may have had.

A.   From burglars, yes.

Plea Tr. at 32.  Defendant now claims that this need for protection bore no relation to his drug trafficking business.  Defendant has not provided any reasonable alternative purpose for his possession of the firearm in question.  While the firearm in question may have been disassembled at the time of its seizure from Defendant's home, this does not negate the Defendant's purpose for possession.  Just as Defendant had installed a security camera in his home for protection of his methamphetamine business, he possessed an assault weapon for similar reasons.

The Defendant's current claim that the plea to the firearm count somehow got muddled and lost in the midst of the methamphetamine charge is belied by the transcript of the plea:

> THE COURT:    And obviously the firearm here kind of takes the front position, because it has a ten-year mandatory minimum, and basically, I don't have any discretion in that nor does anyone.  Congress has decided that if there's a plea to this particular offense and a semiautomatic assault weapon was used in connection with drug trafficking, then you have to have a ten-year mandatory minimum.
>
> Do you understand that?
>
> THE DEFENDANT:    Yes, ma'am.
>
> THE COURT:    Obviously you've been thinking about the for some time, correct?
>
> THE DEFENDANT:    Yes, ma'am.
>
> THE COURT:    That would mean then that there would be that ten-year mandatory minimum plus whatever I might decide is the appropriate sentence on the methamphetamine count.  The Government is recommending that it be in the 21- to 27-months range.  If I didn't give you the acceptance, then it could be in the 27- to 33-month range on that count.
>
> Do you understand?
>
> THE DEFENDANT:    Yes, ma'am.

6

Plea Tr. at 17.

In an effort to insure that Defendant clearly understood the proceedings and the offenses to which Defendant was pleading guilty, this Court asked Defendant multiple questions and gave Defendant multiple opportunities to assert his innocence; however, Defendant still chose to plead guilty.  This Court asked Defendant:

> THE COURT:    Mr. Thelen, you've been very clear and forthcoming today, but I just want to make sure that you really do know and understand what's at issue here.  Do you?
>
> THE DEFENDANT:    Yes.
>
> THE COURT:    And you are in fact guilty of these offenses?
>
> THE DEFENDANT:    Yes.
>
> THE COURT:    No doubt in your mind about that, is there?
>
> THE DEFENDANT:    Yes.  I distributed meth.
>
> THE COURT:    All right.  Well, I'm going to be discharging the jury shortly and we can't go back and get to this point again, so I just want to make total certainty that this is what you want to do given the circumstances.
>
> THE DEFENDANT:    Yes, ma'am.

Plea Tr. 33-34.  This Court is satisfied that a sufficient nexus exists between Defendant's drug trafficking and his possession of a semiautomatic firearm to sustain Defendant's guilty plea.  His failure to restate his guilt to the firearm count when he summarized his guilt as "I distributed meth" can be reasonably interpreted to disclose his state of mind that the firearm is a tool of the methamphetamine trade.

**3.      Length of Time**

Defendant pled guilty on October 20, 2004, and brought this Motion to withdraw his guilty plea roughly seven months later, on May 18, 2005.  Defendant asserts in support of his Motion that after pleading guilty, but prior to the appointment of Defendant's current attorney, he was without access to this Court's mailing address, which he needed in order to inform the Court of his innocence.  Def.'s Mem. of Law in Supp. of Mot. to Withdraw Guilty Plea to Count 7 [Docket No. 59] at 10.  Further, Defendant claims that once this information was given to him, Defendant sent a letter to his probation officer asserting his innocence to the firearm charge, and asked the officer to forward the letter to this Court.  Id.

Defendant has failed to provide any substantiation for these assertions, and there is no evidence in the record of any statements by Defendant, that he was in fact innocent of the firearm charge.  The amount of time passed is far too long to be sufficient grounds for withdrawal of Defendant's guilty plea based on length of time.  See United States v. Morrison, 967 F.2d 264, 268 (8th Cir. 1992) (citing United States v. Devins, 646 F.2d 336, 337 (8th Cir. 1981) ("[a]n assertion of innocence -- even a "swift change of heart after the plea" -- does not constitute a "fair and just reason" to grant withdrawal")).

**4.      Prejudice to the United States**

There is no fair and just reason for withdrawal, but even if such a reason were present, the prejudice to the United States would be a factor that Defendant must overcome before his Motion could be granted.

In its Response [Docket No. 63], the United States asserts it had expended considerable resources to conduct the first two days of  Defendant's trial, including subpoenaing a majority of

their 24 witnesses, hiring a handwriting expert at the cost of $3000, and paying police officers who worked overtime in preparation for the trial.  If Defendant had sought to withdraw his plea closer to the date of his guilty plea, the burden may have been lessened.  Although Defendant has not presented any fair and just reason for withdrawal, the prejudice to the United States of expending the time and cost in preparing for Defendant's trial further militates against allowing Defendant to withdraw his guilty plea.

As discussed above, Defendant does not meet any of the factors set forth in <u>Boone</u>, and therefore will not be allowed to withdraw his guilty plea.  Defendant's contention of innocence is a defense which reasonably could have been presented to a jury, but since Defendant knowingly and intelligently chose to plead guilty, his claim of ineffective counsel would be more appropriately addressed in post-sentencing collateral proceedings.  <u>United States v. Payton</u>, 168 F.3d 1103, 1105 n. 2 (8th Cir. 1999).

For the foregoing reasons, Defendant's Motion to Withdraw Guilty Plea to Count 7 is denied.

## IV.  CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Withdraw Guilty Plea to Count 7 [Docket No. 58] is **DENIED**.

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  August 25, 2005.